IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DEXTER BETHUNE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO: 3:11-CV-133 (CAR) |
| | : | |
| RALPH KEMP, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent Warden Ralph Kemp has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 11. Because Petitioner failed to file his petition within the one-year period of limitations and has failed to show adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

PROCEDURAL HISTORY

On May 3, 2006, Petitioner Dexter Bethune was convicted by a jury in Walton County, Georgia, of armed robbery, four counts of aggravated assault, and possession of a firearm during the commission of a felony. The Georgia Court of Appeals affirmed Petitioner's conviction on May 23, 2008.

On January 14, 2009, Petitioner filed a state habeas corpus petition. Following an evidentiary hearing, the state habeas corpus petition was denied on May 17, 2010. On June 8, 2011, Petitioner executed his federal habeas corpus petition in this Court.

DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. An individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final on the date of the United States Supreme Court's denial of a petition for a writ of certiorari or when the time for filing a writ of certiorari has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Unless there is a clear statutory or constitutional bar to higher state court review, the U.S. Supreme Court requires petitioners to seek review in the state's highest court before considering a petition for certiorari. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek review in the state's highest court, the conviction becomes final when the time to seek review has expired. See id. at 1299-3000.

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief, the tolling of the one-year time period begins. 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner failed to execute his federal habeas corpus petition within the one-year statutory requirement. The Georgia Court of Appeals affirmed Petitioner's convictions on May 23, 2008. Under Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten (10) days from that decision either to move for

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

reconsideration or to file a notice of intent to apply for certiorari to the Georgia Supreme Court. The record reflects that Petitioner did not move for reconsideration or file a petition for writ of certiorari. Accordingly, Petitioner's convictions became final on June 2, 2008. Petitioner then waited 226 days, or until January 14, 2009, to file a state habeas corpus petition. This tolled the one-year period until June 16, 2010, when Petitioner's state habeas corpus case ended.[2] Petitioner then waited another 357 days to file his federal habeas corpus petition. The total of 583 days that ran between the date that Petitioner's conviction became final and the date that he filed his federal habeas corpus petition makes his petition untimely.

Petitioner contends that the court should consider his untimely petition based on equitable tolling. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if it was untimely filed because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner makes no effort to demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

Petitioner has failed to establish that he is entitled to equitable tolling in this case. Petitioner argues that the one-year period of limitations should have been tolled while he recovered from stab wounds suffered after an attack in the prison where plaintiff was incarcerated. In his response to the instant Motion to Dismiss, Petitioner asserts that "Petitioner

---

[2] The state habeas court denied Petitioner relief on May 17, 2010. Pursuant to O.C.G.A. § 9-14-52, Petitioner then had thirty (30) days to file a notice of appeal and an application for certificate of probable cause to appeal in the Georgia Supreme Court. The record reflects that Petitioner did not timely file a notice of appeal or a certificate for probable cause. Accordingly, his state habeas corpus case ended thirty days after May 17, 2010, which was June 16, 2010.

was brutally stabbed a total of twenty eight times, and waits to recover. Officer, trashes, mail, clothing etc…(everything stained with blood). This action resulted in the loss of valuable legal materials." Petitioner failed to provide the court with any medical records or other evidence of his attack. Moreover, Petitioner does not specify the time period during which the one-year limitation period should have been tolled, nor does he provide sufficient information as to how the attack prevented him from pursuing his petition.

Even if it Petitioner were entitled to some period of equitable tolling after his attack, the petition is still untimely. Petitioner was attacked and stabbed on October 2, 2010. Petitioner was then transferred to the Wheeler Correctional Facility on February 24, 2011. Petitioner admits in his response that he was able to continue to work on his petition at the Wheeler Correctional Facility. If the Court were accept the most liberal version of Petitioner's argument and toll the one-year period from October 2, 2010, through February 24, 2011, a total of 438 days would have passed between the time Petitioner's conviction became final and the filing of the instant petition. Accordingly, Petitioner did not file his federal habeas corpus petition within the one-year time limitation.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), <u>Federal Rules Governing Section 2254 Cases</u>.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** the instant Section 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of January, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge